**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DEMOND JASMINE (#479368)**        **CIVIL ACTION NO.**

**VERSUS**        **19-270-BAJ-EWD**

**TIMOTHY HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 8, 2022.

                         **ERIN WILDER-DOOMES**
                         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMOND JASMINE (#479368)                        CIVIL ACTION NO.

VERSUS                                           19-270-BAJ-EWD

TIMOTHY HOOPER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"),[1] filed by Demond Jasmine ("Jasmine"), who is representing himself and who is confined at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Because Jasmine failed to exhaust state court remedies before filing in federal court and his claim is procedurally defaulted, it is recommended that the Petition be dismissed with prejudice.

I.   **PROCEDURAL HISTORY**

Jasmine filed his Petition with this Court on or about April 29, 2019 alleging that his parole eligibility date ("PED") had been incorrectly calculated and that he was entitled to immediate release.[2] On July 18, 2019, Jasmine filed a grievance at the first step at EHCC in an apparent attempt to exhaust administrative remedies.[3] On September 27, 2019, a second step response was issued granting Jasmine the relief requested—his parole eligibility date was corrected to reflect a date of December 3, 2015.[4] In response to the Petition, the Louisiana Board of Pardons and Parole

---

[1] R. Docs. 1 & 10.
[2] Jasmine's initial correspondence to the Court is postmarked April 29, 2019. R. Doc. 1, p. 2. A letter of deficiency was issued requiring Jasmine to complete the approved form. R. Doc. 2. The action was dismissed without prejudice for Jasmine's failure to timely comply but was reopened on Jasmine's motion to alter or amend the judgment. R. Docs. 3, 4, 6 & 9.
[3] *See* R. Doc. 10, p. 2; R. Doc. 10-2, p. 1.
[4] R. Doc. 10-2, p. 3.

("LBPP") urged that Jasmine failed to exhaust state remedies before bringing his suit in this Court.[5] Jasmine did not file a reply.

## II. LAW & ANALYSIS

### A. Jasmine Failed to Exhaust State Court Remedies

The sole claim in the Petition—that Jasmine's parole eligibility date was incorrectly calculated—is subject to dismissal on its face.[6] Although the statutory language of § 2241(c) contains no express exhaustion requirement, a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner.[7] The judicially created exhaustion doctrine of § 2241(c) was developed as a matter of comity to ensure that state courts are given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.[8] Federal courts must dismiss a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief.[9] In § 2241 cases such as this one, exhaustion may be excused only under special circumstances, such as if the state remedies are either "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[10]

Louisiana law requires that challenges to the computation of a sentence be brought first through the Louisiana Department of Public Safety & Corrections ("LDPS&C") administrative

---

[5] R. Doc. 16.
[6] R. Doc. 10, p. 2 (stating that first step grievance was filed on July 18, 2019).
[7] *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 Fed.Appx. 648, 2003 WL 22976091, at *1 (5th Cir. 2003) (dismissing § 2241 habeas petition for failure to exhaust).
[8] *Dickerson*, 816 F.2d at 225.
[9] *See Rose v. Lundy,* 455 U.S. 509, 510 (1982); *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).
[10] *Dickerson*, 816 F.2d at 225; *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017), quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

2

grievance process.[11] If the administrative remedies procedure is unsuccessful, the inmate may then seek judicial review in state district court.[12] Louisiana state law is explicit that the proper venue for seeking review of adverse decisions rendered by the LDPS&C regarding computation of sentences is in the Nineteenth Judicial District Court, Parish of East Baton Rouge.[13] If unsuccessful at the district court level, the inmate can appeal or seek discretionary review of the decision in the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal in this case.[14] Should the petitioner's request for review be unsuccessful at the appellate level, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court.[15] Only after a petitioner proceeds through the highest level of state review may he seek review at the federal level.[16]

Jasmine admittedly did not exhaust his claim through the applicable procedure and did not take even the first step toward exhaustion until he filed his grievance on July 18, 2019--after he filed his Petition in this Court on April 29, 2019.[17] Accordingly, his Petition is subject to dismissal.

---

[11] La. R.S. 15:1176.
[12] *See* La. R.S. 15:1177 and La. R.S. 15:571.15 ("Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge"). *Compare State ex rel. Bartie v. State,* 501 So.2d 260 (La.App. 1 Cir. 12/23/86).
[13] La. R.S. § 15:1177 reads, in pertinent part, as follows: "Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court...."
[14] *See* La. R.S. 15:1177A(10) and La. R.S.13:312(1).
[15] La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.
[16] *Booker v. Taft*, No. 03-263, 2004 WL 1253410, *1 (N.D. Tex. June 8, 2004) ("exhaustion of all available state court remedies is a prerequisite to filing such a petition in federal court").
[17] R. Doc. 1. R. Doc. 10, p. 2; R. Doc. 10-2, p. 1. It does not appear that Jasmine proceeded in the grievance process after receiving the second step response from LDPS&C. Court staff contacted the Clerk of Court for the Nineteenth Judicial District Court and confirmed that the docket does not reflect any identifiable cases filed by Jasmine. *See Spellman v. Cain*, No. 15-824, 2016 WL 2637658, at *2 (E.D. La. Feb. 19, 2016), *report and recommendation adopted*, No. 15-824, 2016 WL 2594837 (E.D. La. May 5, 2016) (confirming a lack of filings via telephone). *See also Johnson v. Cain*, No. 15-310, 2015 WL 10438640, at *n. 20 (E.D. La. June 4, 2015) (staff member of court contacted the offices of the clerk of court for the Nineteenth Judicial District Court to confirm no cases had been filed by the petitioner). Even if Jasmine had attempted to fully exhaust after filing with this Court, his Petition would be

3

In this case, the dismissal should be with prejudice *sua sponte* because Jasmine's claim is technically exhausted and procedurally defaulted.

### B. Jasmine's Claim Is Procedurally Defaulted

A habeas petitioner who has failed to properly present a federal constitutional claim to the state courts may nonetheless be considered to have "technically exhausted" his state remedies if the state courts are no longer available for a review of the claim because of a procedural bar.[18] A claim is considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claim, without regard to whether the claim was actually exhausted by presentation before the state courts.[19] Where a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claim procedurally barred, then the claim is technically exhausted and procedurally defaulted in the state court.[20] Federal review of the claim is then precluded unless the petitioner can show that the applicable procedural rule is not regularly followed and "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a

---

subject to dismissal. *See Simmons v. Louisiana*, No. 16-15045, 2016 WL 8193544, at *2 (E.D. La. (Dec. 2, 2016) (when claims are still pending before the state courts, a federal habeas petition has not met the exhaustion requirement); *Evans v. Goodwin*, No. 14-3285, 2015 WL 1246273, at *5-6 (W.D. La. March 10, 2015) (dismissing § 2241 habeas corpus action because petitioner failed to exhaust remedies prior to filing his federal habeas petition); *Booker*, 2004 WL 1253410, *1 ("exhaustion of all available state court remedies is a prerequisite to filing such a petition in federal court"); *Frazier v. Jones*, 466 Fed.Appx. 505, 506 (5th Cir. 1972) (dismissal of habeas petition for failure to exhaust while state court action was pending was proper).
[18] *See Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir.2004).
[19] *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991).
[20] *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997).

fundamental miscarriage of justice."[21] The doctrine of procedural default applies to claims brought pursuant to § 2241[22] and can be raised *sua sponte*.[23]

If Jasmine were to now bring his unexhausted claim before the state courts, the state courts would reject the claim as untimely. La. R.S. § 15:1177 states that Jasmine could have sought judicial review in the Nineteenth Judicial District Court, "within thirty days after receipt of the [administrative] decision" by the LDPS&C. The question of whether the time bar in La. R.S. § 15:1177 is regularly followed has not yet been addressed by any federal court in this state; however, when the state courts regularly invoke a procedural rule, it is entitled to a presumption of adequacy.[24] Louisiana jurisprudence demonstrates that the time bar of § 15:1177 is regularly applied.[25]

Turning to cause and prejudice and reading the Petition liberally, the only cause Jasmine has provided for failing to exhaust state court remedies is that he "submitted all of the paperwork to this Court not knowing what to do next…."[26] This amounts to a claim that Jasmine failed to exhaust state court remedies because he was unaware of the procedure to be utilized. An inmate's

---

[21] *Jones v. Jones,* 163 F.3d 285, 296 (5th Cir.1998); *Nobles,* 127 F.3d at 423 n. 33; *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997).
[22] *See Jones v. Dretke*, No. 03-1638, 2004 WL 287740 (N.D. Tex. Feb. 5, 2004) (dismissing a § 2241 petition for failure to exhaust and procedural default). *See also Brown v. Ebbert*, No. 15-122, 2016 WL 703014, at *3 (M.D. Pa. Jan. 12, 2016) (finding claims regarding loss of good time credits procedurally defaulted and barred from review). *See Treece v. Terrell*, No. 04-1420, 2006 WL 3137240 (W.D. La. Sept. 19, 2006) (denying habeas relief under § 2241 and recommending dismissal with prejudice due to the claims being procedurally defaulted).
[23] This Court may raise procedural default *sua sponte* because, although the LBPP failed to assert the defense of procedural default, there is no evidence in the record that the failure "was the result of a considered and deliberate decision to waive reliance upon that doctrine;" rather, it appears the defense was inadvertently excluded by resting the argument solely on exhaustion. *See Magouirk v. Phillips*, 144 F.3d 348, 357 & 360 (5th Cir. 1998).
[24] *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) ("Because Louisiana courts have regularly invoked the statute to bar untimely claims, we find nothing to trump the presumption of adequacy.").
[25] *See, e.g., Haynes v. Louisiana Dept. of Public Safety and Corr.*, 2021-0892 (La.App. 1 Cir. 2/25/22) – So.3d – (affirming district court's dismissal of petition regarding geriatric parole as untimely because it was not filed within thirty days of receipt of the decision pursuant to § 15:1177); *Pierre v. Dept. of Public Safety and Corr.*, 2020-0480 (La.App. 1 Cir. 12/30/20), 2020 WL 7770405, at *3 (noting that the petition for judicial review was not filed within the thirty-day period provided for in § 15:1177, so it was subject to dismissal as untimely). It is also noted that the thirty-day period in § 15:1177 is peremptive, rather than prescriptive, and may not be interrupted or suspended. *Id.*
[26] R. Doc. 10-1, p. 2.

subjective lack of knowledge does not constitute cause.[27] Because Jasmine lacks cause for failing to exhaust, the Court need not examine prejudice.[28] As Jasmine's claim is unexhausted and subject to procedural default, the Petition should be dismissed with prejudice.[29]

### III. A Certificate of Appealability Should be Denied

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[30] Although Jasmine has not yet filed a Notice of Appeal in this case, the Court may address whether he would be entitled to a certificate of appealability.[31] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[32] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[33] When the rejection of constitutional claims is on substantive grounds, the petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[34]

---

[27] *See Rose v. Johnson*, 141 F.Supp. 2d 661, 699 (S.D. Tex. March 26, 2001) (noting that a *pro se* petitioner's ignorance does not constitute cause because ignorance is not an objective, external factor preventing him from raising the claims).
[28] *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992) (absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice). The Court also notes that application of the doctrine of procedural default will not result in a fundamental miscarriage of justice in this case because there is no allegation that Jasmine is actually innocent. *Montoya v. Collins*, 988 F.2d 11, 13 (5th Cir. 1993) (A "fundamental miscarriage of justice" only occurs if the petitioner is actually innocent of the crime of conviction).
[29] *See Chancellor v. Mississippi*, 129 Fed.Appx. 878, 880 (5th Cir. 2005) (vacating and remanding the action to district court instructing that the district court dismiss the habeas petition *with* prejudice because the claims were procedurally defaulted). This Report and Recommendation constitutes notice that the Court has raised procedural default *sua sponte*, and Jasmine may use the objection period as his time to respond. *See Magouirk*, 144 F.3d at 359.
[30] 28 U.S.C. § 2253(c)(1)(A).
[31] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[32] 28 U.S.C. § 2253(c)(2).
[33] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[34] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Should Jasmine pursue an appeal, it is recommended that a certificate of appealability be denied. Reasonable jurists would not debate the denial of Jasmine's application or the correctness of the procedural ruling that his only claim is unexhausted and is procedurally defaulted.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, filed by Demond Jasmine, be **DISMISSED WITH PREJUDICE** for failure to exhaust remedies and as procedurally defaulted.

**IT IS FURTHER RECOMMENDED** that, if Jasmine seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 8, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**